**SO ORDERED.**

**SIGNED this 14 day of October, 2015.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 14-03451-5-DMW |
| ALMA RUTH DURAN | CHAPTER 13 |
| Debtor | |

| | |
|---|---|
| ALMA RUTH DURAN | |
| Plaintiff | ADVERSARY PROCEEDING NO. 14-00015-5-DMW |
| vs. | |
| NORTH CAROLINA HOUSING FINANCE AGENCY | |
| Defendant | |

**ORDER ALLOWING MOTION FOR SUMMARY JUDGMENT**

This matter comes on to be heard upon the Defendant's Motion for Summary Judgment ("Summary Judgment Motion") filed by PNC Bank, National Association ("PNC") as servicer for North Carolina Housing Finance Agency ("NCHFA") on January 29, 2015 and the response filed

by Alma Ruth Duran ("Plaintiff"). The court conducted a hearing in Raleigh, North Carolina on May 20, 2015. S. Troy Staley, Esq. appeared for PNC, and Erich M. Fabricius, Esq. appeared for the Plaintiff. Based upon the oral arguments of counsel and those set forth in the parties' memoranda of law, the court makes the following findings of fact and conclusions of law:

A.   BACKGROUND.

1. The Plaintiff filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on June 13, 2014 ("Petition Date").

2. On Schedule A filed with the court, the Plaintiff listed as her principal residence real property ("Property") located at 7064 Prospector Place in Raleigh, North Carolina. The Plaintiff estimated on Schedule A that the value of the Property was $70,000.00 as of the Petition Date, with a notation that an appraisal was pending, and the estimated value may change. On July 1, 2014, the Plaintiff filed an Amended Schedule A that valued the Property at $80,000.00.

3. On an Amended Schedule D filed July 1, 2014, the Plaintiff listed a claim ("Claim") in the amount of $140,546.12[1] in favor of NCHFA through its servicer PNC. Based on the asserted value of the Property, the Plaintiff bifurcated the Claim into an $80,000.00 secured claim and an unsecured claim in the amount of $60,546.12.

4. According to the Note, Affidavit of Assignment, Corporation Assignment of Deed of Trust and Deed of Trust attached to the Proof of Claim filed by NCHFA on September 4, 2014, Walter Hernandez ("Hernandez") and Saul V. Rivera ("Rivera")[2] executed a note ("Note") and deed of trust ("DOT") on September 22, 2003 in favor of First Horizon Home Loan Corporation. The DOT was assigned to NCHFA that same day.[3]

---

[1] NCHFA filed a Proof of Claim on September 4, 2014 asserting a secured claim in the amount of $157,371.55.
[2] Hernandez and Rivera do not appear to be related to the Plaintiff in any way.
[3] The Corporation Assignment of Deed of Trust indicates the DOT was assigned to NCHFA on September 22, 2003, although the document does not appear to have been recorded with the Wake County Register of Deeds. The Affidavit

5. Section 2 of the DOT requires Hernandez and Rivera to pay monthly installments of property taxes and mortgage insurance premiums to the lender to be held in escrow ("Escrow Funds"). According to the terms of the DOT, *and not the Note,* the Escrow Funds are pledged "as additional security for all sums secured by" the DOT.

6. The Plaintiff received title to the Property under a deed recorded with the Wake County Register of Deeds on March 22, 2007. That deed does not reference the DOT as an existing encumbrance or state that the Plaintiff expressly assumed the DOT or executed any other agreement, such as an assumption agreement, a loan modification agreement, or due on sale wavier, with NCHFA or PNC regarding the Note or DOT.

7. On July 1, 2014, the Plaintiff filed a Verified Complaint to Value Collateral ("Complaint"), initiating this adversary proceeding. The Complaint asserts that the Property has a value "not greater than $80,000.00" based on an appraisal dated June 17, 2014.

8. The Plaintiff argues that 11 U.S.C. § 1322(b)(2), which prohibits the modification of "the rights of holders of . . . a claim secured *only* by a security interest in real property that is the debtor's principal residence" (emphasis added), does not apply to the obligation to NCHFA because the DOT is not secured only by the Property. The Complaint seeks a ruling from this court that because the DOT is also secured by the Escrow Funds, the Plaintiff may modify NCHFA's rights under the DOT, and the Claim should be treated as secured only to the extent of $80,000.00. The remainder would be treated as an unsecured claim in the Plaintiff's Chapter 13 case.

---

of Assignment attached to the Proof of Claim states that the Note was assigned to NCHFA on June 9, 2005. It is unclear whether the Note was in fact assigned over 20 months after the DOT was assigned. As long as NCHFA is the holder in due course of the Note, the difference in the execution date of the Corporation Assignment of Deed of Trust and the date of the assignment of the Note is irrelevant. The Plaintiff has not and is not alleging that NCHFA is not the holder in due course. If so, the Complaint would be dismissed on other grounds.

3

9. The Summary Judgment Motion asserts two primary grounds for denial of the Complaint. First, PNC argues that the Plaintiff does not have standing to bring the Complaint, because she is not a party to the DOT and therefore is not in privity with NCHFA or PNC. Second, PNC asserts that even were the court to find that the Plaintiff has standing to pursue the Complaint, the Claim should not be bifurcated because the anti-modification language of § 1322(b)(2) prohibits modification. PNC asserts this argument despite the fact that the DOT is secured by an interest in the Escrow Funds and that courts in this District have found § 1322(b)(2) inapplicable under such circumstances.

B. JURISDICTION.

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334.

2. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

C. DISCUSSION.

1. Rule 56 of the Federal Rules of Civil Procedure, made applicable to bankruptcy adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, states that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

2. "[T]he party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003).

3. To determine whether summary judgment is warranted, the court "must consider whether a reasonable jury could find in favor of the non-moving party, taking all inferences to be drawn from the underlying facts in the light most favorable to the non-movant . . . ." *Humboldt Express, Inc. v. Wise Co. (In re Apex Express Corp.)*, 190 F.3d 624, 633 (4th Cir. 1999).

4. In addressing PNC's first argument, the court must determine whether the Plaintiff has standing to bring the Complaint. If the Plaintiff has no standing, there is no issue of material fact for the court to determine and the Complaint should be dismissed.

5. Rights and Duties of the Parties.

    a. The Plaintiff has not shown any personal liability for the Note. The Plaintiff has not tendered any agreement between her and NCHFA that would indicate she has assumed liability for the Note. Likewise, the Plaintiff has not shown that she is a party to the DOT. It is undisputed that she did not execute the DOT. Additionally, the Plaintiff has not proffered or shown that she executed a loan modification agreement or modification to the DOT. If a deed conveying property is silent as to any deed of trust encumbering that property, and there is no agreement of record by which the transferee assumes the debt, the transferee is deemed to take the property subject to any existing deeds of trust. *Branch Banking & Trust Co. v. Kenyon Inv. Corp.*, 332 S.E.2d 186, 192 (N.C. Ct. App. 1985).

    b. The court finds that the Plaintiff took the Property subject to the DOT. The act of acquiring the Property subject to the encumbrance does not make the Plaintiff a party to the DOT. The Plaintiff is merely the holder of the equity of redemption and is entitled to cancellation of the DOT upon satisfaction of the debt owed to NCHFA. *See id.* at 193. The Plaintiff has the burden of making sure the Note is satisfied and the DOT canceled before she may enjoy quiet title, but she does not have any personal liability on the Note

or other rights under the DOT. In the event of a foreclosure that resulted in a deficiency owed to NCHFA, Hernandez and Rivera – not the Plaintiff – would be responsible for paying the deficiency. The pleadings do not explain why the Plaintiff would have accepted title to the Property subject to the DOT, but those reasons or lack of reasons are not relevant to the analysis of the Summary Judgment Motion.

6.  No Privity Between the Plaintiff and NCHFA.

    a.  The Plaintiff argues that privity is not relevant to the Plaintiff's ability to seek relief through the Complaint, because NCHFA's rights under the DOT are the same regardless of whether the Plaintiff or a party in privity with NCHFA (*e.g.* Hernandez or Rivera) is challenging those rights. The Plaintiff asserts that because the DOT is secured by the Escrow Funds, modification for purposes of the Plaintiff's Chapter 13 plan is permitted under § 1322(b)(2), even though the Plaintiff is not a party to the Note or DOT. The Plaintiff argues she should not be precluded from obtaining a modification of NCHFA's rights that is not otherwise prohibited by the Bankruptcy Code.

    b.  PNC, in turn, asserts that the validity of the Complaint is completely dependent on privity between the Plaintiff and NCHFA. Accordingly, PNC contends the Plaintiff should not be permitted to modify NCHFA's rights, because she is not a party to the Note or DOT.

    c.  The Plaintiff has not provided any allegation, plausible argument or evidence to support that privity of contract was created between the Plaintiff and NCHFA. They never had a relationship and still do not to this day. The court agrees with PNC that the Plaintiff would have to be a party to the DOT, either through assumption, modification

or similar agreement with NCHFA, in order for the Plaintiff to have standing to pursue the Complaint.

  d. The Plaintiff cannot rely on the allegation that § 1322(b)(2) allows modification of the Claim. Privity is a threshold issue in this case, and despite the Plaintiff's assertions otherwise, it absolutely matters what party is seeking a modification of rights under the DOT. If Hernandez and Rivera still owned the Property and were before the court on the same issue, the outcome may be different, because Hernandez and Rivera signed the Note and DOT.

7. Although the absence of standing alone necessitates allowance of the Summary Judgment Motion, the court notes that there are additional practical reasons that the Plaintiff should not receive the relief sought in the Complaint. These reasons are worth exploring.

  a. <u>Comparison to a Chapter 7 Proceeding</u>. If the Plaintiff's bankruptcy case were a Chapter 7 rather than a Chapter 13, the Chapter 7 trustee would object to the Claim and would not make any payments to NCHFA out of the Plaintiff's estate because the Plaintiff has no personal liability. A Chapter 13 proceeding should not lead to the vastly different outcome of the Plaintiff retaining the Property *and* bifurcating the Claim for which she has no personal liability.

  b. <u>Cancellation of DOT Upon Completion of Plaintiff's Chapter 13 Plan</u>.

   i. If the Claim were bifurcated as the Plaintiff requests, and the unsecured portion of the Claim were treated as an unsecured claim through the Plaintiff's Chapter 13 plan, the Claim would be deemed satisfied upon the Plaintiff's receipt of a discharge pursuant to 11 U.S.C. § 1328. The Claim would not simply be deemed satisfied *as to* the Plaintiff, because the Claim has never been

against the Plaintiff. This outcome would hinder the rights of PNC and NCHFA against Hernandez and Rivera, who are the parties personally liable under the Note secured by the DOT.

   ii. The court cannot extinguish the personal liability of non-debtors. For example, the court is without authority to strip a lien on entireties property unless both spouses submit to the jurisdiction of the bankruptcy court by filing a joint petition. *Alvarez v. HSBC Bank USA, N.A. (In re Alvarez)*, 733 F.3d 136, 142 (4th Cir. 2013). Similarly, this court cannot exercise jurisdiction over the Claim as against non-debtors Hernandez and Rivera, even though they no longer have an ownership interest in the Property. Allowing the relief sought in the Complaint would impermissibly modify NCHFA's rights against Hernandez and Rivera, because the Claim would be extinguished upon the Plaintiff's receipt of a discharge.

   iii. If the court found the relief sought in the Complaint to be appropriate, borrowers on an under-secured note could transfer real property to a "straw man" willing to file a bankruptcy petition, and the borrowers could achieve bifurcation of the debt and extinguish liability without affecting their credit. The court is aware that such a scenario would likely be prevented by the existence of a "due on sale" clause in the relevant deed of trust, but the potential for an outcome that so clearly goes against the intent of the United States Bankruptcy Code is worth mentioning.

  c. <u>Effect on Other Creditors if Claim is Paid Through Plaintiff's Chapter 13 Plan</u>. Not only should the Claim not be bifurcated as the Plaintiff has requested, but payment of the Claim through the Plaintiff's Chapter 13 Plan, regardless of its secured

8

amount, may not be appropriate. If the Claim is paid through the Plaintiff's Chapter 13 Plan as a secured mortgage payment, the Chapter 13 trustee will be disbursing funds to a creditor to which the Plaintiff is not personally liable. If the Plaintiff has unsecured creditors that will not be paid in full under her contemplated plan, any payment on the Claim is to the detriment of creditors to which the Plaintiff is liable.

8.      Because the Plaintiff has no standing to bring the Complaint, it is unnecessary for the court to find whether the Claim may be bifurcated because the Escrow Funds qualify as collateral in addition to "real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2). At the hearing, the court acknowledged that it is bound by *In re Ennis*, which directs that state law be applied to determine whether collateral constitutes real or personal property for purposes of § 1322(b)(2). *Ennis v. Green Tree Servicing, LLC (In re Ennis)*, 558 F.3d 343, 346 (4th Cir. 2009). The courts in *In re Bradsher*, 427 B.R. 386 (Bankr. M.D.N.C. 2010) and *Bradshaw v. Asset Ventures, LLC (In re Bradshaw)*, 2014 Bankr. LEXIS 2427 (Bankr. E.D.N.C. June 4, 2014) followed and applied *Ennis* in determining whether escrow funds held by a secured creditor could qualify as real property under North Carolina law. "Under *Ennis*, [modification of a creditor's rights is prohibited by § 1322(b)(2)] only if escrow funds can be regarded as real property under applicable state law, *i.e.*, North Carolina law." *Bradsher*, 427 B.R. at 390. *Bradsher*, and subsequently *Bradshaw*, both found that when North Carolina law was applied to the terms of the relevant deeds of trust, the pledged escrow funds qualified as personal – not real – property. *Bradsher*, 427 B.R. at 391; *Bradshaw*, 2014 Bankr. LEXIS, at *6. Although at the hearing PNC was unable to persuade the court how this case is distinguishable from *Bradsher* and *Bradshaw*, PNC ultimately prevails in its Summary Judgment Motion by proving Plaintiff does

9

not have standing to pursue the Complaint; therefore, no issue of material fact exists for the court to determine; now therefore,

It is ORDERED, ADJUDGED and DECREED that the Summary Judgment Motion is allowed and the Complaint is hereby dismissed.

END OF DOCUMENT